United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 4, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

------------------------

**No. 03-10755
Summary Calendar**

------------------------

**DAVID DRINNON,**

**Plaintiff-Appellee,**

**versus**

**ALLSTATE INSURANCE COMPANY,**

**Defendant-Appellant.**

------------------------

**Appeal from the United States District Court
for the Northern District of Texas
(1:03-CV-045)**

------------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Allstate Insurance Company appeals the denial of its Rule 60(b) motion to vacate the default judgment entered against it pre-removal in state court. The district court determined that Allstate's failure in state court to answer plaintiff's complaint by the filing deadline, resulting in the entry of a default judgment, was the result of inexcusable neglect.

On 2 July 2001, David Drinnon filed a state court action against Allstate, claiming, *inter alia*, breach of contract and

------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Allstate was served with process on 13 February 2003; its deadline to answer timely was 10 March 2003.

On 13 March, the state court held a default judgment trial, reviewing Drinnon's documentary evidence and live testimony. On 14 March, that court entered a final judgment by default against Allstate.

Allstate filed both its notice of removal and its original answer on 14 March (the day the state court default judgment was entered), followed by an amended answer on 24 March. On 24 March, Allstate also moved in district court to vacate the default judgment that had been entered in state court; the motion was denied.

We review for abuse of discretion the district court's determination that the default judgment should not be set aside. *See* ***CJC Holdings, Inc. v. Wright & Lato, Inc.***, 979 F.2d 60, 63 (5th Cir. 1992); FED. R. CIV. P. 60(b). Allstate asserts that David Charles, a claims representative for another entity, Allstate Property and Casualty Company, mistakenly calculated the filing date for Allstate's answer to be 17 March instead of the correct 10 March date. Allstate contends this mistake caused the untimely filing on 14 March and constitutes excusable neglect. "[W]e do not require the district court to find a 'willful' failure to respond in order to deny a Rule 60(b)(1) motion. Contrary to [Allstate's]

2

position on appeal, the district court properly focused on whether [Allstate] acted culpably and not whether it acted willfully". ***Rogers v. Hartford Life and Acc. Ins. Co.***, 167 F.3d at 933, 943 (5th Cir. 1999). If a defendant's negligence was "at least a partial cause of its failure to respond, the defendant [has] the burden to convince the court that its neglect was excusable". ***Id.*** at 939. The district court determined that Allstate's failure to respond was the result of its inexcusable neglect and dilatory conduct.

Rule 60(b)(1) provides as guidelines for setting aside a default judgment: (1) the merits of the defendant's defenses; (2) the culpability of the defendant's conduct; and (3) the extent of prejudice suffered by the plaintiff. But "[t]hese factors are not 'talismanic.' A district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion". ***Id.*** at 939 (internal citations omitted).

Essentially for the reasons stated by the district court in its detailed opinion, it did not abuse its discretion by concluding that the default judgment should not be vacated under Rule 60(b).

***AFFIRMED***

3